UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRUCE DEMAR PFEIFER, JR.,

Plaintiff,

v.

CAUSE NO. 3:23-CV-536-JD-MGG

ARMARK FOOD CORP, et al.,

Defendants.

OPINION AND ORDER

Bruce Demar Pfeifer, Jr., a prisoner without a lawyer, filed a somewhat vague and, in places, barely legible amended complaint against thirteen separate defendants because he was unhappy with the manner that his various requests related to receiving a kosher diet were addressed. ECF 8. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

As an initial matter, while inmates are not required to produce type-written complaints, the court must be able to decipher the plaintiff's handwriting to determine if the complaint states a claim. To the extent the court can decipher the amended complaint, Pfeifer alleges that, when he was booked into the St. Joseph County Jail on

February 11, 2023, he notified booking staff that he is a Hebrew Israelite and eats a kosher diet. Someone in the booking department gave him a form and told him to send his request for a kosher diet to Russ Olmstead and W. Redman. He followed those instructions but received no response. On February 28, 2023, he made another request for a kosher diet. This request was directed to inmate services. A response on March 1, 2023, indicated that his approved meal was served on February 28, 2023.

On March 4, 2023, he submitted a request to Michael Shapiro. In this request, Pfeifer complained that the meals were being served against religious procedure because they were received on the county jail's hard trays and with reusable silverware. Pfeifer wanted Styrofoam trays and disposable silverware because he was concerned about the possibility of cross contamination, but his complaint does not explain why using reusable trays and utensils, so long as they were properly cleaned, was unacceptable.[1] Shapiro approved his request to have his food served on Styrofoam trays, but Pfeifer continued to get reusable utensils. Pfeifer filed a grievance against ARA, but he did not receive a response.

On March 22, 2023, Ramadan began, and Pfeifer complained that Sharpiro had not approved kosher handlers to deliver meals. Pfeifer received no response. He does not explain why he felt it was necessary for specially trained individuals to deliver his food, so long as it was otherwise properly prepared and served.

---

[1] In response to one of Pfeifer's grievances, an officer explained that the trays are washed in a dishwasher at very high temperatures. ECF 8-1 at 7.

2

On April 22, 2023, Pfeifer was denied a kosher meal. He filed a grievance against Russ Olmstead and Rebecca Zawistowski. They did not respond. However, exhibits to the amended complaint show that someone did respond, and Deputy Wilson got Pfeifer a new tray. ECF 8-1 at 3.

On May 3, 2023, Pfeifer had a problem with his meal. He does not describe the nature of the problem, but it appears that the meal was not served on a Styrofoam tray.[2] Deputy Benson said Pfeifer must either accept his kosher meal or get nothing for lunch. He further said that his request for his meals to be served on Styrofoam trays would need to be approved by Russ Olmstead. Olmstead denied that request. When ARA was contacted, Sandy indicated that they stopped using Styrofoam trays at the direction of Rebecca Zawistowski and Micheal Shapiro, because the trays were not cost effective. ECF 8-1 at 10. Pfeifer filed a grievance directed to them, but neither responded.

Pfeifer claims his food was not safe to eat because the trays are contaminated, but he does not explain what he means when he says they were contaminated. It appears from the exhibits that he may be referring to a piece of tape affixed to the tray in an area where food is not served. ECF 8-1 at 4-5, 8. It is unclear how receiving a tray with a piece of tape in an area where food is not served violates his religious beliefs.

On one occasion, Pfeifer received spoiled milk. Pfeifer indicates he got diarrhea and the calories for that meal were inadequate. He claims the defendants did not take

---

[2] Pfeifer also notes that he received no meat, but he has not indicated that his religious believes require that he eat meat at each meal.

3

corrective action, but exhibits submitted with the amended complaint indicate that the issue was addressed with the vendor that provided the milk. ECF 8-1 at 25.

Pfeifer seeks both monetary damages and injunctive relief. He was housed at the St. Joseph County Jail when he filed his amended complaint, but he is no longer housed at the jail. Therefore, his requests for injunctive relief are moot.

Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). Nevertheless, correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987). Moreover, the Supreme Court of the United States has long established "the general proposition that a law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993).[3]

Here, although Pfeifer's first request for a kosher diet was not responded to, he received a kosher diet the same day he submitted his second request. When he requested that his meals be served on Styrofoam trays, his request was honored until

---

[3] The Religious Land Use and Institutionalized Persons Act (RLUIPA) affords even broader protections than the First Amendment. This act prohibits governmental entities from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *see generally Holt v. Hobbs*, 574 U.S. 352 (2015). RLUIPA, however, does not permit a suit against an individual for money damages. *See Nelson v. Miller*, 570 F.3d 868, 886-87 (7th Cir. 2009), *abrogated on other grounds by Jones v. Carter*, 915 F.3d 1147, 1149-50 (7th Cir. 2019).

4

the jail discontinued using Styrofoam trays for economic reasons. He was unhappy with the reusable trays and utensils used, and he was unhappy with who delivered the food. But, Pfeifer has not pled facts from which it can be plausibly inferred that either the reusable trays and utensils or the manner in which his food was delivered restricted his exercise of his religious.

Pfeifer also claims he was retaliated against for filing grievances, but his allegations regarding retaliation are unclear. He does not indicate who retaliated against him, how they retaliated, or why he believes their actions are related to the grievances he filed. Therefore, these allegations are too vague to state a claim.

Several of the thirteen defendants Pfeifer is suing are not mentioned in the body of the complaint. Public officials "are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Therefore, he may not proceed against Sgt. Garcia, Deputy Beth Sharp, Deputy EB, Lt. Brothers, Deputy Fowler, or Deputy Worth.

The barely legible amended complaint does not state a claim for which relief can be granted. If Pfeifer believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page

above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Bruce Demar Pfeifer, Jr., until **May 13, 2024**, to file an amended complaint; and

(2) CAUTIONS Bruce Demar Pfeifer, Jr., that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on April 10, 2024

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT